*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0390**

State of Minnesota,
Respondent,

vs.

Tyshawn Lanier Darden,
Appellant.

**Filed January 12, 2015
Affirmed.
Stauber, Judge**

Clay County District Court
File No. 14CR13817

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Brian Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Bradford Colbert, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Stauber, Judge; and Chutich, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant argues that the district court abused its discretion by imposing consecutive sentences for his convictions of first-degree burglary and first-degree assault arguing that the sentences unfairly exaggerated the criminality of his conduct. Because

consecutive sentences were part of appellant's plea agreement and the sentences do not unfairly exaggerate the criminality of appellant's conduct, we affirm.

## FACTS

In 2013, appellant Tyshawn Darden was charged with aiding and abetting attempted first-degree murder, aggravated first-degree robbery, aiding and abetting aggravated first-degree robbery, and conspiracy to commit aggravated first-degree robbery. The state later added two additional charges, first-degree burglary and first-degree assault with great bodily harm.

Appellant pleaded guilty to one count of first-degree burglary and one count of assault in the first degree with great bodily harm. Under the terms of the plea agreement, appellant would be sentenced to 48 months for the first-degree burglary charge and 86 months for the first-degree assault charge, to be served consecutively, for a total sentence of 134 months. The remaining charges would then be dismissed.

Upon pleading guilty, appellant provided a factual basis for the plea. Appellant stated that on March 6, 2013, he, S.B., and M.C. drove to a residence in Moorhead to rob a drug dealer of marijuana and money. Appellant was armed with a pistol and S.B. with a .22 caliber rifle. According to appellant, S.B. and M.C. entered the house while he waited in the car. S.B. then called appellant on his phone "saying that everything was bad," prompting appellant to leave the car and approach the house. As appellant approached the house, he heard gunshots and then observed S.B. fighting with another man, A.S. Appellant admitted that when he reached the "threshold of the house," he shot A.S. with the pistol, causing "great bodily harm" to A.S.

2

The district court sentenced appellant to 134 months in accordance with the plea agreement. This appeal followed.

**D E C I S I O N**

Consecutive sentences for first-degree burglary and first-degree assault are permissive. Minn. Sent. Guidelines 2.F.2. 6 (2012). But permissive consecutive sentences may still be reviewed for an abuse of discretion. *State v. Yang*, 774 N.W.2d 539, 563 (Minn. 2009). "The district court abuses its discretion in imposing consecutive sentences when the resulting sentence unfairly exaggerates the criminality of the defendant's conduct." *Id.*

Appellant argues that because there was "very little evidence" to support his burglary conviction, a consecutive sentence for the burglary and assault convictions unfairly exaggerates the criminality of his conduct. Thus, appellant argues that the district court abused its discretion by imposing a consecutive sentence.

We disagree. A determination of whether a defendant's sentence unfairly exaggerates the criminality of his conduct is accomplished by comparing the defendant's sentence with other similarly situated defendants. *See Neal v. State*, 658 N.W.2d 536, 547-48 (Minn. 2003) (comparing defendant's 480-month kidnapping sentence to other cases involving kidnapping and determining that the sentence was excessive and unreasonable). Here, the only case cited by appellant to support his claim that his sentence was unreasonable is *State v. Hough*, 585 N.W.2d 393 (Minn. 1998). But in that case, the supreme court affirmed the imposition of consecutive sentences after the defendant was convicted of multiple counts of assault involving several victims. *Id.* at

3

397-98. Consequently, *Hough* does not support appellant's claim that his sentence unfairly exaggerated the criminality of his conduct.

Moreover, appellant admitted that he "reached the threshold" of the victim's house carrying a pistol. This admission is sufficient to convict appellant of first-degree burglary. *See* Minn. Stat. § 609.582, subd. 1(b) (2012) (defining first-degree burglary with a dangerous weapon). He also admitted that he shot the victim and that the wounds caused great bodily harm. This evidence was sufficient to convict appellant of first-degree assault with great bodily harm. *See* Minn. Stat. § 609.221, subd. 1 (2012) (defining first-degree assault with great bodily harm). The district court heard evidence of appellant's conduct and determined that consecutive sentences were appropriate. *See Hough*, 585 N.W.2d at 397 (stating that "[a] [district court] judge sits with a unique perspective on all stages of a case, including sentencing, and the [district court] judge is in the best position to evaluate the offender's conduct and weigh sentencing options"). And, appellant expressly agreed to the 134-month prison sentence as part of a plea agreement that, presumably, benefited him. In fact, appellant answered "[y]es, sir" after the terms of the plea agreement were stated on the record and the district court asked appellant if he "agree[d]" with the terms of the plea agreement. Appellant's claim that his sentence is now unfair ignores the fact that he realized the bargained-for benefit of multiple dismissed charges in an agreement in which he agreed to serve the precise sentence that he now challenges. Accordingly, the district court, consistent with the plea

4

agreement, did not abuse its discretion by sentencing appellant to consecutive sentences totaling 134 months.

**Affirmed.**